IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| BRANDON CALLIER,  )<br>    Plaintiff,   )<br>                )<br>vs.             )<br>                )  Case No. EP-23-cv-00364-PM<br>                )<br>FREEDOM FOREVER TEXAS, )<br>    Defendant.   )<br>                )<br>                ) | |

## MOTION OF DEFENDANT, FREEDOM FOREVER TEXAS, TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT

Defendant, Freedom Forever Texas ("Freedom Forever"), pursuant to Fed. R. Civ P. 12(b)(6), files this motion to dismiss the Original Complaint ("Complaint") filed by Plaintiff, Brandon Callier.

## INTRODUCTION

This matter is the latest lawsuit filed by pro se Plaintiff Bandon Callier, who has inundated the Court with dozens of lawsuits over the past decade, virtually all of them alleging violations, as does the Complaint here, of the Telephone Consumer Protection Act ("TCPA").  As other defendants in Plaintiff's lawsuits have pointed out, Callier seems to have concocted a method of gaming the TCPA system by obtaining, and maintaining, multiple call phones for his personal and business use, inviting calls from external parties, and then suing them for alleged TCPA violations.

To Freedom Forever's knowledge, Callier has yet to obtain a judgment in his favor on the merits in any of these cases; he seems most interested in targeting parties for default judgments and obtaining quick settlements to avoid having to address the deficiencies in the substance of his claims.

This case is no different. Plaintiff indisputably provided express consent to receive phone calls concerning solar products from a person – Jorge Cardenas, whom Plaintiff terms a "non-named Defendant" – who has no connection whatsoever with the named Defendant, then engaged with that person for numerous calls that he now baselessly claims violated the TCPA. The audio of these calls demonstrates the complete lack of merit in this lawsuit. Indeed, in the 13 alleged calls with Mr. Cardenas that Plaintiff claims violated the TCPA, in none of them did he request that that Mr. Cardenas cease calling him; to the contrary, in most of them he invited further calls from Mr. Cardenas, ostensibly to continue adding to the list of alleged violations notwithstanding his prior express consent to receive those calls.

Consent aside, Plaintiff's Complaint should be dismissed for other reasons. Dispositively, Plaintiff completely fails to allege that the calls from Mr. Cardenas were made from an "automatic telephone dialing system" ("ATDS"), which, under binding Supreme Court precedent, requires both pleading and proof that the allegedly offending calls were made from "equipment which has the capacity ... to store or produce telephone numbers to be called, using a random or sequential

number generator; and ... to dial such numbers." Plaintiff does not even attempt to plead that fundamental TCPA requirement here. Consequently, his Complaint should be dismissed.

Additionally, Plaintiff seeks a "permanent injunction" even though he fails to plead a risk of imminent and future harm as required to obtain such an extraordinary remedy. That request should be dismissed.

In short, this latest effort by Callier fails to satisfy basic pleading standards to maintain a TCPA claim. His Complaint, therefore, should be dismissed.

## RELEVANT FACTUAL BACKGROUND

### I. PLAINTIFF'S CONSENT TO RECEIVE THE ALLEGED CALLS

Plaintiff alleges that he received 13 calls in violation of the TCPA. (D.E. 3, ¶ 34.) None of those calls was actually made by Freedom Forever; instead, they were made by Jorge Cardenas, the purported "non-named Defendant" who Plaintiff alleges is located in Florida (*id.*, ¶ 28) and who, in fact, is employed by Empowered Solutions, a company with no relationship with the named Defendant.

On the first call, which was a "confirmation call" to Plaintiff, the caller told Plaintiff, "I have your appointment regarding solar panels tomorrow morning [at] 10 AM, is that correct?" Plaintiff responded, "Sounds right." After confirming Plaintiff's address, age, email address, and other information, the caller specifically asked:

> CALLER: Would you allow our expert to reach you back [even] if your number is listed on federal, state, or local do-not-call lists?"
>
> PLAINTIFF: *Yes*.

Based on Plaintiff's express consent to receive further communications, Mr. Cardenas contacted Plaintiff to arrange for a home visit and potential sale of solar products to Plaintiff. Each call, as the Complaint discloses, was by one person – Mr. Cardenas – targeted to Plaintiff for a specific reason, which was to follow up on Plaintiff's express consent to receive calls for the purpose of considering the purchase of solar products. Furthermore, Plaintiff and Mr. Cardenas even exchanged text messages – which were initiated by Plaintiff. (*Id.*, ¶¶ 30-31.)

Each of the calls had a ten-digit Caller ID. (*Id.*, ¶ 34.)[1] On every alleged call, Plaintiff spoke with a live person (indeed, the *same* person (Mr. Cardenas)), not a recorded message. For most of the calls, Plaintiff claimed to be busy and invited Mr. Cardenas to call back at a later time. Without explanation, Plaintiff simply labels these communications "auto-dialed robocalls." (*Id.*, ¶ 39.)

## II. PROCEDURAL BACKGROUND

Plaintiff filed the Complaint on October 4, 2023. (D.E. 3.) Upon service of

---

[1] Plaintiff makes several allegations regarding "spoofing." (D.E. 3, ¶¶ 23, 26, 28, 39.) The TCPA, however, does not recognize a private cause of action for alleged "spoofing." *See, e.g.*, *Dobronski v. Selectquote Ins. Servs.*, 462 F. Supp. 3d 784, 789-90 (E.D. Mich. 2020)); *Meyer v. Capital Alliance Group*, 2017 WL 5138316 **16-17 (S.D. Cal. Nov. 6, 2017); *Worsham v. Travel Options, Inc.*, 2016 WL 4592373, **4-5 (D. Md. Sept. 2, 2016).

4

the summons and Complaint on Freedom Forever, the Court issued an order setting November 3, 2023, as the deadline for Freedom Forever to respond to the Complaint. (D.E. 6.) Freedom Forever now files this motion to dismiss Plaintiff's Complaint.

## ARGUMENT

Under Federal Rule of Civil Procedure 12, parties may move to dismiss asserted claims for "failure to state a claim for which relief can be granted." Fed. R. Civ. P. 12(b)(6). A plaintiff must provide the defendant with "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While courts "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff," courts "do not accept as true 'conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (quoting *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010)). Furthermore, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Plaintiffs need not plead the legal basis for a claim, but they "must plead facts sufficient to show that [the] claim has substantive plausibility." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam). Facts alleged by the plaintiff must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. As the Fifth Circuit recently held:

> To withstand a motion to dismiss under Rule 12(b)(6), a complaint must present enough facts to state a plausible claim to relief. A plaintiff need not provide exhaustive detail to avoid dismissal, but the pleaded facts must allow a reasonable inference that the plaintiff should prevail. Facts that only *conceivably* give rise to relief don't suffice. Thus, though [courts] generally take as true what a complaint alleges, [they] do not credit a complaint's legal conclusions or threadbare recitals of the elements of a cause of action.

*Smith v. Heap*, 31 F.4th 905, 910 (5th Cir. 2022) (quotations omitted; emphasis original).

I.   **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED ON THE BASIS THAT PLAINTIFF FAILS TO ALLEGE USE OF AN ATDS.**

The sole count in the Complaint alleges that Freedom Forever violated 47 U.S.C. § 227(b)(1)(A)(iii) by "making non-emergency telemarketing robocalls to Plaintiff's cellular telephone numbers [sic] without his prior express written consent." (D.E. 3, ¶ 50.) That provision declares it a TCPA violation "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . .". *Suttles v. Facebook, Inc.*, 461 F. Supp. 3d 479, 484 (W.D. Tex. 2020) (quoting 47 § 227(b)(1)(A)(iii)). Because Plaintiff does not allege an "artificial or prerecorded voice," he must allege, and prove, that the calls he received were made

6

"using any automatic telephone dialing system," or ATDS. He has not done so.

The TCPA defines "'automatic telephone dialing system' as 'equipment which has the capacity ... to store or produce telephone numbers to be called, using a random or sequential number generator; and ... to dial such numbers.'" *Suttles*, 461 F. Supp. 3d at 484 (quoting 47 U.S.C. § 227(a)(1)).  As the Supreme Court has held per a recent opinion from this District, "this definition encompasses only equipment that has 'the capacity either to store a telephone number using a random or sequential generator' or 'to produce a telephone number using a random or sequential number generator.'" *Atkinson v. Pro Custom Solar LLC*, 2022 WL 4071998, *6 (W.D. Tex. Sept. 1, 2022) (quoting *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1167 (2021)). "In other words, 'in all cases, whether storing or producing numbers to be called, *the equipment in question must use a random or sequential number generator*.'" *Id.* (quoting *Facebook*, 141 S. Ct. at 1170) (emphasis added).

Plaintiff's Complaint is entirely devoid of any ATDS allegations, and it certainly does not allege that "the equipment in question . . . use[d] a random or sequential number generator."  As the Court held in a recent case granting dismissal of a TCPA complaint on this basis, "While the court understands that it may be difficult to plead facts that support the use of an ATDS, this does not absolve a plaintiff's responsibility to satisfy Rule 8. [Plaintiff] must provide at least enough facts to make a plausible inference that [defendant] used an ATDS to survive

7

dismissal." *Miles v. LawnStarter, Inc.*, 2020 WL 10056080, *3 (W.D. Tex. Dec. 1, 2020) (citing *Twombly*, 550 U.S. at 570).

Plaintiff's Complaint complete fails to allege the pleading requirements of an ATDS. This failure is no accident; indeed, other federal courts have dismissed TCPA complaints against Freedom Forever entities on exactly this basis. *See Naiman v. Freedom Forever, LLC*, 2019 WL 1790471, *3 (N.D. Cal. Apr. 24, 2019) (dismissing TCPA complaint against Freedom Forever that conclusorily alleged "Defendant used an 'automatic telephone dialing system' as defined by 47 U.S.C. § 227(a)(1) to place its call to Plaintiff seeking to solicit its services," court holding that "the complaint contains no further, factual allegations regarding the alleged use of an ATDS" and "[s]uch 'a formulaic recitation of the elements of a cause of action' is insufficient to survive dismissal") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Plaintiff's Complaint should be dismissed due to Plaintiff's failure plausibly to allege the use of an ATDS. *See Reed v. Quicken Loans, Inc.*, 2019 WL 4545010, *2 (N.D. Tex. Sept. 3, 2019) (recommending dismissal and holding that while "Plaintiff avers the text messages were 'automated' he does not plead that the text messages or phone calls were 'placed with an ATDS that randomly or sequentially generated his number'"), *R&R adopted*, 2019 WL 4538079 (N.D. Tex. Sept. 18, 2019).

## II.   PLAINTIFF'S PRAYER FOR PERMANENT INJUNCTIVE RELIEF SHOULD BE DISMISSED.

Plaintiff's Complaint pleads, "Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making non-emergency telemarketing robocalls to cellular telephone numbers without the prior express written consent of the called party." (D.E. 3, ¶ 53; *see also id.* at 9 (praying for an "injunction enjoining Defendants and their affiliates and agents from engaging in the unlawful conduct set forth herein")). Plaintiff has not pleaded an entitlement to such drastic relief.

It is black-letter law that "granting . . . a permanent injunction is an extraordinary remedy." *Rockwell v. Delaney*, 2019 WL 2745754, *2 (W.D. Tex. Apr. 16, 2019); *see also Svoboda v. Bank of America, N.A.*, 964 F. Supp. 2d 659, 673 (W.D. Tex. 2013) ("Injunctive relief is 'an extraordinary and drastic remedy'; it should only be granted when the movant has clearly carried the burden of persuasion.") (quoting *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009)); *Hunsinger v. 204S6TH, LLC*, 2022 WL 1110354, *10 (N.D. Tex. Mar. 23, 2022) ("Permanent injunctions are extraordinary remedies not lightly given.") (citing *Posada v. Lamb Cty., Tex.*, 716 F.2d 1066, 1070 (5th Cir. 1983)).

The standards for a permanent injunction are well settled. "The party seeking a permanent injunction" must "establish (1) success on the merits; (2) that a failure to grant the injunction will result in irreparable injury; (3) that said injury outweighs

any damage that the injunction will cause the opposing party; and (4) that the injunction will not disserve the public interest." *Environment Texas Citizen Lobby, Inc. v. ExxonMobil Corp.*, 824 F.3d 507, 533 (5th Cir. 2016) (quoting *VRC LLC v. City of Dallas*, 460 F.3d 607, 611 (5th Cir. 2006)).

"Because the ultimate purpose of an injunction is to prevent future harm, 'a petitioner must show a clear threat of continuing illegality portending immediate harmful consequences irreparable in any other manner.'" *204S6TH*, 2022 WL 1110354, *10 (rejecting TCPA plaintiff's request for permanent injunction) (quoting *Posada*, 716 F.2d at 1070). Plaintiff "does not allege facts to show a realistic likelihood of a future TCPA violation by" Freedom Forever. *Id.* (citing *Posada*, 716 F.2d at 1070); *see also Shields v. Gawk Inc.*, 2019 WL 1787781, *6 (S.D. Tex. Apr. 24, 2019), ("With no imminent threat of repeated violations of the TCPA . . ., the Court sees little reason to invoke its equitable powers and impose permanent injunctive relief."), *R&R adopted*, 2019 WL 2103423 (S.D. Tex. May 14, 2019); *Internal Med. Rural Health Clinic of New Albany, P.A. v. Langmas Grp., Inc.*, 2019 WL 1905165, *1 (N.D. Miss. Apr. 26, 2019) (rejecting TCPA plaintiff's request for injunctive relief under TCPA because the allegations "establish[ed] neither a likelihood of future harm nor the inadequacy of its remedy at law").

Here, Plaintiff makes no allegation of an "imminent threat of repeated violations of the TCPA" as required to request forward-looking injunction relief.

Nor does he allege that the statutory damages he seeks are an inadequate remedy at law. That alone warrants dismissal of the request for injunctive relief.

## CONCLUSION

For the reasons discussed herein, Freedom Forever respectfully requests that the Court dismiss Plaintiff's Complaint.

DATED:   November 3, 2023.

By: *s/ William J. Akins*
William J. Akins
State Bar No. 24011972
FISHERBROYLES LLP
510 Congress Ave. Suite 150
Austin, Texas 78701
Telephone: (214) 924-9504
william.akins@fisherbroyles.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and also served the Plaintiff by U.S. Mail as follows:

BRANDON CALLIER
6336 Franklin Trail Drive
El Paso, Texas  79912

By: *s/ William J. Akins*
William J. Akins