**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **BRANDON CALLIER,** | § | |
| | § | |
| *Plaintiff,* | § | |
| **v.** | § | |
| | § | |
| **FREEDOM FOREVER TEXAS,** *a* | § | **EP-23-CV-364-FM** |
| *Delaware Limited Liability Company*; | § | |
| **EMPOWERED SOLUTIONS;** | § | |
| **MITCHELL FRAKER**; **and AURORA** | § | |
| **SOLAR, INC.,** *a Delaware Corporation*; | § | |
| | § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION**

*Pro se* Plaintiff Brandon Callier brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, against Defendant Freedom Forever Texas, LLC ("Freedom Forever") and others for alleged unsolicited calls made to his cell phone through an automatic telephone dialing system ("ATDS").

Before the Court is Freedom Forever's "Motion to Dismiss Plaintiff's First Amended Complaint" (ECF No. 17) ("Motion") filed on December 22, 2023, in which it seeks to partially dismiss Plaintiff's First Amended Complaint ("FAC") (ECF No. 10) under Federal Rule of Civil Procedure 12(b)(6). The Honorable Senior District Judge Frank Montalvo (the "referring court") referred Freedom Forever's Motion to the undersigned Magistrate Judge for a report and recommendation under 28 U.S.C. § 636(b). For the reasons below, the Court **RECOMMENDS** that Freedom Forever's Motion be **DENIED**.

# I.     BACKGROUND

## A.     Factual Background[1]

Plaintiff is a resident of El Paso, Texas, whose personal cell phone number ends in 4604 and begins with the local 915-area-code.  FAC ¶¶ 1, 89; *see also id.* at 18.  He registered that number under his own name and pays for it from his personal accounts.  He uses his cell phone to communicate with his friends and family, to communicate via email and text messages, for navigation purposes, and as a timer when cooking.  *Id.* ¶ 89.  In December 2007, Plaintiff registered his cell phone in the National Do-Not-Call Registry.  *Id.* ¶ 24.

Freedom Forever is a Delaware limited liability company that offers solar panel services. *Id.* ¶ 2.  Between September 18 and 25, 2023, Plaintiff received at least thirteen unsolicited calls to his cell phone from different phone numbers using the local 915-area-code.  *Id.* ¶¶ 32–33, 37. Plaintiff answered each of these calls from Jorge Cardenas, a representative of Freedom Forever. *Id.* ¶¶ 37, 43, 58.

During the twelfth call, Plaintiff asked how Cardenas could dial from local 915-area-code phone numbers if Cardenas was in Florida.  *Id.* ¶ 39.  Cardenas responded that the calls were "autodialed" and used "spoof caller ID to make the calls appear local."  *Id.*  Cardenas later sent Plaintiff a text message saying: "Apologize for the confusion of numbers."  *Id.* ¶ 40.  Plaintiff then asked Cardenas for the name of the spoofing technology, to which Cardenas responded: "Kixie." *Id.* ¶¶ 41–42.  Cardenas also provided Plaintiff with Kixie's website: http://www.kixie.com.  *Id.* ¶¶ 35, 42.  In its website, Kixie advertises that it does "[a]utomated outreach for lighting fast speed-

---

[1] The well-pleaded facts below come from Plaintiff's FAC and are, at this stage, taken as true and construed in Plaintiff's favor.  *See Landor v. Louisiana Dep't of Corr. & Pub. Safety*, 82 F.4th 337, 340 (5th Cir. 2023).

to-lead" and boasts that its "[i]ntelligent auto-dial helps you reach your leads when buying intent is highest." *Id.* ¶¶ 35–36.

Plaintiff alleges that Freedom Forever's calls harmed, injured, and damaged him by reducing his device storage, reducing his data plan usage, depleting his battery, invading his privacy, and causing anger and frustration. *Id.* ¶¶ 85–88.

### B.   Procedural Background

On October 4, 2023, Plaintiff started this lawsuit by asserting a single TCPA claim against Freedom Forever and seeking statutory damages and a permanent injunction as relief. *See* Compl. ECF No. 3.  On November 3, 2023, Freedom Forever moved to dismiss Plaintiff's single TCPA claim for failure to state a claim. *See* ECF No. 7.  On November 27, 2023, the referring court denied Freedom Forever's motion as moot because Plaintiff filed an amended complaint that day— the FAC.  ECF Nos. 8 & 9.  In his FAC, Plaintiff asserts two TCPA claims against Defendants Freedom Forever, Empowered Solutions, Mitchell Fraker, and Aurora Solar, Inc., and seeks statutory damages and a permanent injunction as relief. *See generally* FAC.

On December 22, 2023, Freedom Forever filed this Motion, seeking to partially dismiss Plaintiff's FAC.[2] *See generally* Mot.  On January 19, 2024, Plaintiff filed his opposition brief. *See* Resp. in Opp'n, ECF No. 22.  On February 2, 2024, Freedom Forever replied in support of its Motion. *See* Reply, ECF No. 29.  On February 16, 2024, the referring court referred Freedom

---

[2] In its Motion, Freedom Forever asks the Court to dismiss Plaintiff's FAC but only addresses Plaintiff's TCPA claim under § 227(b), not the other asserted under § 227(c). *See* 47 U.S.C. § 227(c)(5) (allowing private right of action for "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity" in violation of the prescribed regulations); *see also* 47 C.F.R. § 64.1200(d)(3) (imposing minimum procedures for maintaining a do-not-call list that apply to all calls—live or automated—initiated for telemarketing purposes to residential telephone subscribers).  Thus, the Court construes Freedom Forever's Motion as a partial motion to dismiss for failure to state a claim. *See Neutron Depot, LLC v. All Web Leads, Inc.*, No. AU-16-CA-00901-SS, 2017 WL 9538893, at *3 (W.D. Tex. Nov. 30, 2017), *aff'd sub nom. Neutron Depot, L.L.C. v. Bankrate, Inc.*, 798 F. App'x 803 (5th Cir. 2020).

- 3 -

Forever's Motion to the Court for a report and recommendation under 28 U.S.C. § 636(b).  ECF No 30.

## II.    STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits defendants to move to dismiss claims for which plaintiffs fail to plead enough facts allowing the reasonable inference that defendants are liable for the alleged misconduct.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss.  *Iqbal*, 556 U.S. at 678.

When ruling on a Rule 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).  That is because courts must evaluate the adequacy of the allegations in a complaint rather than the merits of the case.  *Jeanty v. Big Bubba's Bail Bonds*, 72 F.4th 116, 119 (5th Cir. 2023).  As such, courts limit such evaluation "to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."  *Ironshore Eur. DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 763 (5th Cir. 2019).

Courts must liberally construe pleadings drafted by *pro se* parties, such as Plaintiff here. *See Jeanty v. Big Bubba's Bail Bonds*, 72 F.4th 116, 119 (5th Cir. 2023).

## III.    DISCUSSION

By its Motion, Freedom Forever seeks to dismiss Plaintiff's TCPA claim under § 227(b) and his request for a permanent injunction.  First, Freedom Forever argues that Plaintiff fails to plausibly allege that it used either an ATDS or an "artificial or prerecorded voice" to state a claim

under § 227(b).  *See* Mot. at 7–11.  And second, Freedom Forever argues that Plaintiff fails to allege any imminent threat of future TCPA violations to support his request for a permanent injunction.  *Id.* at 11–13.  The Court disagrees.

### A.      Plaintiff plausibly alleges a TCPA claim under § 227(b)

Section 227(b) makes it unlawful for any individual to make unsolicited calls (other than for emergency purposes) using an ATDS or an artificial or prerecorded voice to a cell phone.  47 U.S.C. § 227(b)(1)(A)(iii).  The TCPA defines an ATDS as equipment with the capacity "to store or produce telephone numbers to be called, using a random or sequential number generator" and "to dial such numbers."  *Id.* § 227(a)(1).  So to state a TCPA claim under § 227(b), Plaintiff must allege enough facts allowing the reasonable inference that Freedom Forever (1) made unsolicited calls to his cell phone; and (2) by using either an ATDS *or* an artificial or prerecorded voice.

Freedom Forever argues that the FAC contains no plausible allegations about ATDS use, and it cites a case in which a court dismissed a similar claim against Freedom Forever on this basis. *See* Mot. at 8–9 (citing *Naiman v. Freedom Forever, LLC*, No. 19-CV-00256-JSC, 2019 WL 1790471, at *3 (N.D. Cal. Apr. 24, 2019)).  Freedom Forever also argues that Plaintiff's own allegations that he spoke to Cardenas "[c]learly" indicate that the unsolicited calls "were targeted" and not random, undercutting any allegation of ATDS use.  *Id.* at 10.  But the Court disagrees because in his FAC, Plaintiff pleads enough facts to state his TCPA claim under § 227(b).

First, the FAC does allege that Freedom Forever used an ATDS to make unsolicited calls to Plaintiff.  *See* FAC ¶¶ 58, 92.  To be sure, these allegations, without more, would be "formulaic recitations of the elements of a cause of action" that warrant dismissal.  *See Iqbal*, 556 U.S. at 678. Indeed, it is on this same basis that the court dismissed a similar TCPA claim in the case that Freedom Forever cites.  *See Naiman*, 2019 WL 1790471, at *3 ("Here, the complaint alleges that

'Defendant used an [ATDS] as defined by 47 U.S.C. § 227(a)(1) to place its call to Plaintiff seeking to solicit its services.' . . . The complaint contains no further, factual allegations regarding the alleged use of an ATDS. Such 'a formulaic recitation of the elements of a cause of action' is insufficient to survive dismissal." (cleaned up)).

But unlike the complaint in that case, the FAC here alleges additional facts that, when liberally construed in Plaintiff's favor, allow for the reasonable inference that Kixie (the alleged software used) is an ATDS as defined in § 227(a)(1). *See, e.g.*, FAC ¶¶ 35–37, 39–42, 58. For example, the FAC includes a link to Kixie's website. *See id.* ¶ 35; *see also Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (courts consider the entire complaint, including documents incorporated by reference); *Atl. Recording Corp. v. Project Playlist, Inc.*, 603 F. Supp. 2d 690, 694 n.3 (S.D.N.Y. 2009) (considering, on a Rule 12(b)(6) motion, a website and drawing "facts . . . from the Court's own review of the Website" because "the Website is incorporated by reference into the Complaint" (citing cases where courts likewise have considered such incorporated websites)). That link describes Kixie as an "AI-Powered Communication Platform" that provides "[u]ltra reliable, easily automated, calling & texting." *See* Kixie, https://www.kixie.com/ (last visited Mar. 18, 2024). The link also states that Kixie "can help" its customers through "[a]utomated outreach," "multi-device simultaneous ring," and by "plac[ing] a call . . . with just a single click." *Id.* While these statements do not establish whether Kixie is in fact an ATDS, nor do they preclude such inference—much less when they are liberally construed in favor of a *pro se* plaintiff.

What is more, Freedom Forever fails to explain how the fact that Plaintiff spoke with Cardenas undercuts his allegations of ATDS use. While it is apparent why the cases that Freedom Forever cites in support concluded that speaking to a live representative contradicts allegations of

use of *an artificial or prerecorded voice*, the same is not true for allegations of ATDS use.[3]  Indeed, neither Freedom Forever nor the cases it cites elaborate on why speaking to a live representative negates all reasonable inferences that a defendant used an ATDS to make unsolicited calls.  If anything, with today's increasingly rapid advances in technology and artificial intelligence, together with the incorporated Kixie link, such a conclusion seems premature at this stage without the benefit of discovery.  And as the referring court has also explained, "it is impracticable to expect plaintiffs to plead specific facts" about a defendant's technology in a TCPA case before discovery.  *See Callier v. MultiPlan, Inc.*, No. EP-20-CV-00318-FM, 2021 WL 8053527, at *17 (W.D. Tex. Aug. 26, 2021).

At best, Freedom Forever seems to argue that Plaintiff speaking to Cardenas undercuts his allegations of ATDS use because, after the first unsolicited call, Plaintiff provided Cardenas his consent to receive calls, and so Cardenas' subsequent phone calls were targeted and not random.  *See* Mot. at 4, 10; Reply at 3–4.  But even so, Freedom Forever seems to concede that there was at least *one* unsolicited call—the first one—which is enough at this stage for Plaintiff's § 227(b) claim to survive.  *See* 47 U.S.C. § 227 (b)(1) ("*any* call" (emphasis added)); *Guadian v. United Tax Def. LLC*, No. EP-23-CV-00349-KC, 2024 WL 140249, at *6 (W.D. Tex. Jan. 12, 2024) ("One call can violate multiple subsections of the TCPA and thus be subject to multiple awards of damages." (citing *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1105–06 (11th Cir. 2015))); *see also Skinner v. Switzer*, 562 U.S. 521, 530 (2011) ("Rule 8(a)(2) . . . generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument.")*.*  This is especially true, again, given that Freedom Forever points to nothing in the

---

[3] *See, e.g.*, *Nickson v. Advanced Mktg. & Processing, Inc.*, No. CV DLB-22-2203, 2023 WL 4932879, at *5 (D. Md. Aug. 2, 2023); *Hampton v. Barclays Bank Delaware*, No. 18-4071-DDC-ADM, 2019 WL 4256371, at *6 (D. Kan. Sept. 9, 2019); *Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1316 (S.D. Fla. 2012).

FAC, or the incorporated Kixie link, to negate all reasonable inferences that it used an ATDS to make that one unsolicited call.[4]

Lastly, Freedom Forever argues that Plaintiff fails to allege that it used an artificial or recorded voice, and also mentions, without argument, that Cardenas is not in fact its representative. But neither contention has merit. *See* Mot. at 3, 10–11. First, Plaintiff does not base his § 227(b) claim on use of an artificial or prerecorded voice, but on ATDS use. And second, the FAC alleges that Cardenas is an authorized representative, employee, and/or agent of Freedom Forever, FAC ¶ 43, and whether Cardenas is in fact Freedom Forever's representative is a question of fact that is not appropriate at this stage. *See Stripling v. Jordan Prod. Co., 234* F.3d 863, 870 (5th Cir. 2000) (whether an agency relationship exists is a question of fact); *Cunningham v. Foresters Fin. Servs.*, Inc., 300 F. Supp. 3d 1004, 1016 (N.D. Ind. 2018) (plaintiffs need only "generally allege" an agency relationship in a TCPA case because they cannot reasonably be expected to know the extent of the relationship between defendants and their alleged agents before discovery); *see also Ramirez v. Escajeda*, 921 F.3d 497, 501 (5th Cir. 2019) ("*Iqbal* does not allow us to question the credibility of the facts pleaded . . . . *Iqbal*, instead, tells us to assume the veracity of well-pleaded factual allegations.").

---

[4] In its reply, Freedom Forever appears to quote some kind of transcript showing the first conversation between Plaintiff and Cardenas, in which Plaintiff purportedly confirms that he had an appointment. *See* Reply at 3. Freedom Forever argues that this interaction shows that "[o]bviously, Plaintiff had consented to the call by scheduling an appointment" to purchase solar panels. *Id.* But Freedom Forever does not include a citation for this quote, and that quote is nowhere to be found within the FAC.

And even if the Court were to consider this quote, Freedom Forever fails to elaborate on how it is obvious that Plaintiff consented to that first call by previously scheduling an appointment. In fact, Freedom Forever's argument conflicts with the fact that during that same first call, Cardenas still had to ask Plaintiff for his consent to allow an expert to reach him back "[even] if [Plaintiff's] number is listed on federal, state, or local do-not-call lists." *See id.* (quoting FAC ¶ 28). Put another way, if, as Freedom Forever argues, Plaintiff had already consented to receive calls from Cardenas, then why did Cardenas ask Plaintiff for his consent again in such a way?

In sum, the Court concludes that the FAC plausibly states a § 227(b) claim against Freedom Forever based on ATDS use and therefore RECOMMENDS that Freedom Forever's Motion be denied as to such claim.

### B.    A permanent injunction is a form of relief, not a separate cause of action

Freedom Forever next asks the Court to dismiss Plaintiff's request for a permanent injunction in the FAC because he fails to allege an "imminent threat of repeated violations of the TCPA." Mot. at 13. To obtain permanent injunctive relief, a plaintiff must show that: (1) it has suffered an irreparable injury; (2) the remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) the balance of hardships between the parties warrants an equitable remedy; and (4) the permanent injunction would not disserve the public interest. *See ITT Educ. Servs., Inc. v. Arce*, 533 F.3d 342, 347 (5th Cir. 2008). But courts apply this standard until *after* holding a full trial on the merits. *Id.*

And a permanent injunction is a form of relief—not a separate claim or cause of action. *See, e.g.*, *Johnson v. Wells Fargo Bank, NA*, 999 F. Supp. 2d 919, 935 (N.D. Tex. 2014); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010). It follows then, that courts will not dismiss a complaint's request for a permanent injunction unless they have also dismissed the underlying claim requesting such relief. *See Tanglewood E. Homeowners v. Charles-Thomas, Inc.*, 849 F.2d 1568, 1576 (5th Cir. 1988) (dismissal of claims based on their request for permanent injunction not proper subject of Rule 12(b)(6) motion). And this makes sense: a motion to dismiss under Rule 12(b)(6) addresses the cause of action alleged and not the remedy sought. *See City of N.Y. v. A-1 Jewelry & Pawn, Inc.*, 247 F.R.D. 296, 353 (E.D.N.Y. 2007).

Because, as discussed above, Plaintiff's TCPA claims survive Freedom Forever's challenges under Rule 12(b)(6), the Court RECOMMENDS that Freedom Forever's Motion be DENIED with respect to Plaintiff's request for a permanent injunction.

## IV.   RECOMMENDATION

Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that Defendant Freedom Forever's "Motion to Dismiss Plaintiff's First Amended Complaint" be **DENIED** (ECF No. 17).

**So ORDERED and SIGNED this  2nd  day of April 2024.**

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**