UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **BRANDON CALLIER,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | EP-23-cv-00364-FM |
| § | |
| **FREEDOM FOREVER TEXAS,** a Delaware § | |
| Limited Liability Company, and **EMPOWERED** § | |
| **SOLUTIONS**, **MITCHELL FRAKER**, and § | |
| **AURORA SOLAR, INC.,** a Delaware Corporation § | |
| § | |
| **Defendants.** § | |

**PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO FILE PLAINTIFF'S SECOND AMENDED COMPLAINT**

Plaintiff respectfully moves this Court for leave to amend his Complaint, permitting the addition of recently discovered facts. Plaintiff recently uncovered multiple DNC requests that were delivered to Freedom Forever of Texas, LLC ("Freedom") in April 2023. Further, Plaintiff was called as recently as this past week by representatives of Freedom who solicited Plaintiff on behalf of Freedom. These new facts are vital to Plaintiff's ability to prove the culpability of Defendant Freedom for the phone calls at issue in this Complaint.

Plaintiff filed his Original Complaint on September 28, 2023, against Defendant Freedom. On November 27, 2023, Plaintiff filed his First Amended Complaint adding Empowered Solutions ("Empowered"), Mitchell Fraker ("Fraker"), and Aurora Solar, Inc. ("Aurora") as Defendants. On December 22, 2023, Defendant Freedom filed a Motion to Dismiss Plaintiff's First Amended Complaint. On January 19, 2024, Plaintiff filed his response to Defendant Freedom's Motion to Dismiss. On April 2, 2024, The Magistrate Judge issued its

1

Report and Recommendations denying Defendant Freedom's Motion. Plaintiff received additional phone calls in March 2024 and April 2024 on behalf of Defendant Freedom.

Plaintiff sent emails to Defendant's counsel on March 28, 2024, and April 3, 2024, attempting to confer with them regarding the Amended Complaint. Despite reading Plaintiff's emails multiple times over two weeks, Defendants did not respond to Plaintiff. Therefore, Plaintiff files this motion as opposed.

The Federal Rules of Civil Procedure set forth a liberal policy in favor of permitting amendment of pleadings, and district courts are not to deny such amendments absent "a substantial reason" to do so. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981); *Potter v. Bexar County Hosp. Dist.*, 195 Fed. App'x. 205, 208—09 (5th Cir. 2006) (unpublished); *see also Caudle Aviation, Inc. v. Hartford Fire Ins. Co.*, Civ. A. No. 06-4653, 2007 WL 60993, at *1 (E.D. La. Jan. 5, 2007) (applying the relevant standards in the context of a motion to amend pleadings to assert counterclaims and third-party claims). Indeed, the Fifth Circuit has long recognized that the Federal Rules "evince[ ] a bias in favor of granting leave to amend." *Dussouy*, 660 F.2d at 597. Accordingly, while leave to amend "is by no means automatic," *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted), courts "should freely give leave when justice so requires." FED. R. CIV. P. 15(a). When determining whether to grant a motion for leave to amend, courts in this circuit may consider several factors, including undue delay, bad faith or dilatory motive, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 994 (5th Cir. 2005); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 321 (5th Cir. 1991). The definition of futility adopted by the Fifth Circuit includes circumstances in which a proposed

amendment to assert a claim would fail to state a claim upon which relief could be granted under Rule 12(b)(6). *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872—73 (5th Cir. 2000).

      The proposed Second Amended Complaint does not prejudice the Defendants as it arises from the same incidents and common facts and law. Defendants not prejudiced with this amendment as it still has the opportunity to file their responsive pleading. In light of the settled Supreme Court and Fifth Circuit precedent, liberally applying the dictate of Fed. R. Civ. P. 15(a)(2) that "[t]he court should freely give leave when justice so requires," Plaintiff respectfully requests that this Honorable Court enter an order granting Plaintiff leave to file a second amended complaint and accepting and filing the proposed Second Amended Complaint accompanying this Motion.

Dated: April 18, 2024,                        Respectfully Submitted,

Brandon Callier  
1490A George Dieter Drive  
#174  
El Paso, TX 79936  
Callier74@gmail.com  
915-383-4604