IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| BRANDON CALLIER, )<br>      Plaintiff, )<br>)<br>vs. )<br>)<br>)   Case No. 3:23-cv-00364-FM<br>FREEDOM FOREVER TEXAS, )<br>      Defendant. )<br>) | |

### BRIEF OF DEFENDANT, FREEDOM FOREVER TEXAS, IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT

Defendant, Freedom Forever Texas ("Freedom Forever"), files this brief in opposition to the Motion to File Second Amended Complaint filed by Plaintiff, Brandon Callier. Plaintiff's barebones motion supplies no basis for this Court to allow Plaintiff to file a third complaint in this case in the eight months since he initiated this litigation, especially given that the primary amendments are based on facts that Plaintiff knew months before he filed the original Complaint in October 2023. Under voluminous Fifth Circuit precedent, leave to amend should be denied.

### BACKGROUND RELEVANT TO MOTION

Plaintiff filed his original Complaint on October 4, 2023, which Freedom Forever moved to dismiss. (ECF 3, 7.) In response, Plaintiff filed the Amended Complaint, which added three new Defendants – Empowered Solutions, Mitchell

Fraker, and Aurora Solar, Inc. ("Aurora Solar"). (ECF 8, 8-1, 10.) Freedom Forever then moved to dismiss the Amended Complaint. (ECF 17.) Upon referral, the Magistrate Judge recommended that the motion be denied. (ECF 31.) Freedom Forever filed objections to that recommendation (ECF 32), which currently are pending before the Court.

Despite the pendency of Freedom Forever's objections, Plaintiff has moved for leave to file a Second Amended Complaint. (ECF 34.) Neither his motion nor his proposed Second Amended Complaint (ECF 34-2) specifically delineates the new allegations he purports to insert into the case after seven months, requiring Freedom Forever (and the Court) to compare the proposed complaint with its predecessor.

Nevertheless, it appears that the primary addition to the proposed Second Amended Complaint concerns an alleged "series of solicitation phone calls" Freedom Forever supposedly made to Plaintiff "in March and April 2023" (ECF 34-2, ¶ 26) – six months before he filed his original Complaint. The proposed Second Amended Complaint contains numerous allegations concerning these alleged events (*id.*, ¶¶ 26-29) and even attaches an email to Freedom Forever dated April 13, 2023 (again, nearly six months before Plaintiff filed the first complaint) enumerating these alleged calls. (*See* ECF 34-3.)  Plaintiff also purports to add allegations concerning purported calls in February 2024 and that he supposedly received "a solar contract proposal" by email "from Freedom Forever" around that time, but he does not attach

2

that "proposal" to the proffered Second Amended Complaint and the "proposal" clearly did not originate with Freedom Forever – Plaintiff admits it was sent from co-Defendant Aurora Solar. (*See* ECF 34-2, ¶ 60.) In any event, the Second Amended Complaint would double the alleged violations under Count Two from 19 to 38. (*Compare* ECF 10, ¶ 99 ("Plaintiff was statutorily damaged at least nineteen (19) times"), *with* ECF 34-2, ¶ 118 ("Plaintiff was statutorily damaged at least at least thirty-eight (38) times").

Otherwise, Plaintiff restates his admission that he expressly consented to receive calls (not bothering to adjust the relevant paragraph numbers, *see id.*, ¶ 37) even "if your number is listed on federal, state, or local do-not-call lists." (*Id.*, ¶ 35.) He again makes little effort to allege the use of an automatic telephone dialing system ("ATDS") other than referencing a third-party website that blandly references "auto-dial," erroneously assuming that use of the prefix "auto" must mean an ATDS. (*Id.*, ¶¶ 41-44.)

## ARGUMENT

**I.     PLAINTIFF'S REQUEST FOR LEAVE TO AMEND TO FILE A THIRD COMPLAINT SHOULD BE DENIED.**

"The Supreme Court lists five considerations in determining whether to deny leave to amend a complaint: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the

3

amendment, [and] futility of the amendment.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). While Rule 15 reflects a "liberal policy" toward amendment, "when determining whether to grant leave to amend pleadings, a court should deny leave if there exist 'such factors as undue delay ... undue prejudice to the opposing party, and futility of amendment.'" *Dantzler v. Hindman*, 2017 WL 6403043, *4 (W.D. Tex. Sept. 1, 2017) (quoting *In re Southmark Corp.*, 88 F.3d 311, 314-15 (5th Cir. 1996)). In all events, "[t]he amending party bears the burden of showing that leave to amend is warranted." *SpecOil, LLC v. Remet Alcohols, Inc.*, 2023 WL 6204526, *3 (S.D. Tex. Sept. 22, 2023) (citing *S&W Enterprises, L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)). Plaintiff has not satisfied that burden here.[1]

### A. Leave to Amend Should Be Denied Because Plaintiff Unduly Delayed in Seeking to Amend.

It is undisputed that Plaintiff waited until April 18, 2024, to propose a Second Amended Complaint that added new allegations (and, therefore, TCPA claims) based on facts that predated, by several months, his original Complaint that was filed

---

[1] Amendment would be futile for the reasons discussed in Freedom Forever's motion to dismiss and its objections to the Magistrate Judge's report & recommendation on that motion; in the interests of efficiency, Freedom Forever incorporates those arguments herein. (ECF 17, 32.) In short, Plaintiff consented to the allegedly offending calls and has not adequately pleaded the requirements of an ATDS; the proposed Second Amended Complaint does not add or change any of the allegations concerning consent or ATDS. Furthermore, an additional reason that amendment would be futile is that Freedom Forever is not subject to "general personal jurisdiction" in Texas as Plaintiff alleges in the proposed Second Amended Complaint. (ECF 34-2, ¶ 7.). Should amendment be granted, Freedom Forever expects to move to dismiss on this basis as well.

in early October. Specifically, Plaintiff proposes to add at least seven calls to his lawsuit based on calls he claims to have received in March and April of 2023 – over a year before he moved to include them in his current lawsuit. (*See* ECF 34-3.) Plaintiff offers no explanation as to why these year-old calls were not included in the original Complaint, and that unexplained delay warrants denial of his motion.

Indeed, it is well settled in this Circuit – and recognized by this Court – that "in exercising its discretion to deny leave to amend a complaint, a trial court may properly consider (1) an '*unexplained delay*' following an original complaint, and (2) *whether the facts underlying the amended complaint were known to the party when the original complaint was filed*." *Southmark*, 88 F.3d at 316 (emphasis added); *Rahman v. Price*, 2017 WL 11699663, *4 (W.D. Tex. Jan. 10, 2017) (Montalvo, J.) (quoting *Southmark*); *see also Robertson v. Intratek Computer, Inc.*, 976 F.3d 575, 584 (5th Cir. 2020) ("The district court also may consider 'whether the facts underlying the amended complaint were known to the party when the original complaint was filed.'") (quoting *Southmark*). In this regard, "Plaintiff bears the burden of showing that delay was due to oversight, inadvertence or excusable neglect." *Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999).

Here, Plaintiff's failure to explain why he waited until his third Complaint to assert claims based on facts that were well-known to him months before he filed his first Complaint seven months ago is fatal to his effort to amend. Indeed, case after

case has rejected leave to amend where, as here, the plaintiff sought to add facts and claims to the case that were known to the plaintiff at the time the original complaint was filed. *See, e.g.*, *Mathews v. Bowie Co., Tex.*, 600 Fed. Appx. 933, 935 (5th Cir. 2015) (affirming denial of leave to amend as "the trial court properly considered other relevant factors, such as the 'unexplained delay' in adding additional claims and the fact that the circumstances underlying the amended complaint were known to [plaintiff] when the original complaint was filed"); *S&W*, 315 F.3d at 536 (leave to amend properly denied where "the same facts were known to [plaintiff] from the time of its original complaint to the time it moved for leave to amend"); *Parish*, 195 F.3d at 763 (affirming denial of leave to amend "as plaintiff could have raised the additional claims in her [original] complaint"); *Southmark*, 88 F.3d at 316 (affirming denial of leave to amend where movant "sought leave to add both a fact of which it had been aware since before it filed its original complaint and a cause of action based on the identical, known facts that underlie its original complaint" and "offer[ed] no reasonable explanation for its delay in amending its complaint"); *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979) (leave to amend properly denied where "the facts relevant to the proposed amendment were known to the [plaintiff] at the time she filed her original complaint"); *SpecOil*, 2023 WL 6204526, *3 (noting that "courts are especially skeptical" of motions for leave to amend "where the pleader knew the underlying facts long before seeking leave to amend,"

and "[t]his factor weighs strongly against granting leave to amend"); *Russell v. Bac Home Loans Serv., L.P.*, 2015 WL 11545023, *5 (W.D. Tex. Mar. 11, 2015) (denying leave to amend where "the facts supporting the claims in the [proposed] amended complaint were previously known to plaintiff, and plaintiff did not explain why he did not present the amendments in his previous amended petitions").

In short, as the Fifth Circuit held in *Southmark*, "allowing [plaintiff] to amend its complaint would not further the purposes of Rule 15, but to the contrary would serve only to reward [plaintiff] for its unreasonable delay." *Southmark*, 88 F.3d at 316. That holding applies with equal force here. Plaintiff unduly delayed in seeking to add facts and claims that he knew about long before he filed his first Complaint, and he has not offered any explanation whatsoever to explain his delay, even though it is his burden to do so. His motion for leave to amend, therefore, should be denied.

### B. Freedom Forever Would Be Unduly Prejudiced If Leave to Amend Is Granted.

Plaintiff's unexplained delay in seeking amendment to add facts and claims that were readily available to him one year ago would result in undue prejudice to Freedom Forever if leave to amend is granted. Indeed, to quote the Fifth Circuit, "allowing [Plaintiff] to amend would unduly prejudice the defendants by increasing the delay and by expanding the allegations beyond the scope of the initial complaint" even though the new allegations were known to Plaintiff long before he filed the original complaint seven months ago. *Parish*, 195 F.3d at 763. Indeed, in *Parish*, the

same seven-month delay that is present here resulted in denial of leave to amend, which the Fifth Circuit affirmed. *See id.* (reciting that district court "found that the seven month delay between the filing of the original complaint and the motion for leave to amend could have been avoided by due diligence, as plaintiff could have raised the additional claims in her [original] complaint"). *Parish*, therefore, is squarely on point and directs that Plaintiff's motion be denied.

As noted, Plaintiff proposes to double the number of alleged TCPA violations from 19 to 38 if amendment is granted. There is simply no legal basis to allow amendment when Plaintiff has not offered any explanation for his delay in not raising these claims in the original complaint. A district court recently articulated the prejudice to defendants such as Freedom Forever when this sort of unexplained, undue delay occurs that needlessly expands the litigation:

> Plaintiff argues that the Second Amended Complaint would not prejudice the Defendants because it alleges a factual basis that is only slightly expanded from the First Amended Complaint. Moreover, Plaintiff states that there is plenty of time before the scheduled trial date to seek a continuance to cure any prejudice. But as Defendants note, the amendment will broaden discovery, dispositive motions, and trial, making this case more expensive to litigate. And although the new factual allegations are brief, a breach-of-contract claim has very different legal elements. A timely amendment to add the claim may have changed Defendants' assessment of the case and their decisions whether to engage in settlement talks, how much to offer, and whether to make a Rule 68 offer of judgment. These harms further weigh against granting leave to amend. . . .

*SpecOil*, 2023 WL 6204526, *4 (internal quotations omitted).

Freedom Forever already has filed two motions to dismiss – one each as to the original and amended complaints. It likely will file another if amendment is granted. Freedom Forever should not be put to the increased expense of further motion practice to challenge claims based on facts that could have been, but were not, alleged in the original complaint seven months ago. Under these circumstances, the prejudice to Freedom Forever mandates denial of leave to amend. *See, e.g.*, *New Leaf Service Contracts, Inc. v. Gerhard's Inc.*, 2023 WL 2938241, n.4 (N.D. Tex. Apr. 13, 2023) (denying leave to amend where "granting [plaintiff] leave to amend its complaint at this stage would cause an undue burden on [defendant], as the defendant has expended extensive resources in filing two different motions to dismiss . . ."); *Bailey v. Mansfield Ind. School Dist.*, 425 F. Supp. 3d 696, 728 (N.D. Tex. 2019) (denying leave to amend: "Defendants have already been required to file two motions to dismiss. Allowing another amended pleading would result in undue prejudice to [defendant], who would be confronted with the need to file another motion to dismiss, further delaying resolution of certain issues in this case . . .").

Plaintiff's unexplained, undue delay has prejudiced Freedom Forever by driving up the expenses of litigation and expanding the scope of the litigation with new allegations that he could have, and should have, made at the outset of the litigation seven months ago. His motion for leave to amend should be denied on this alternative basis.

## II. IF THE COURT GRANTS LEAVE TO AMEND, THE COURT SHOULD CONDITION AMENDMENT ON PLAINTIFF'S PAYMENT OF FREEDOM FOREVER'S COSTS AND ATTORNEY'S FEES.

As detailed above, Plaintiff's failure to establish the Rule 15 elements should result in denial of his motion to amend. Nevertheless, if the Court permits amendment notwithstanding Plaintiff's deficient arguments, it should place conditions on granting leave to amend. Indeed, "[i]t is well settled that a district court may impose conditions when it grants leave to amend." *Lozano v. Donna Ind. School Dist.*, 648 Fed. Appx. 412, 413 (5th Cir. 2016) (quoting 6 Wright et al., *Federal Practice & Procedure* § 1486 (3d ed. 2015), for the proposition that "Rule 15(a)(2) 'presupposes that the court may use its discretion to impose conditions on the allowance of a proposed amendment'"); *accord*, *Schanzle v. Haberman*, 2021 WL 11134238, *3 (W.D. Tex. Aug. 2, 2021) (quoting, in case filed by *pro se* plaintiff, *Lozano*'s holding that "[i]t is well settled that a district court may impose conditions when it grants leave to amend").

Here, if the Court permits amendment, it should condition the amendment on Plaintiff's paying Freedom Forever's attorney's fees incurred in litigating (and moving to dismiss) two complaints (the original and the amended complaints) that Plaintiff now wants to render null. Freedom Forever moved to dismiss the original complaint, only to have Plaintiff file the Amended Complaint. Freedom Forever has moved to dismiss the Amended Complaint, and Plaintiff now wants to file a Second

Amended Complaint to add allegations he should have included in the original complaint seven months ago.

To stop this merry-go-round, if it permits any amendment, the Court should only allow amendment upon Plaintiff's payment of Freedom Forever's attorney's fees. There is ample authority for such a condition in this District, Circuit, and elsewhere. *See Villegas v. El Paso Ind. School Dist.*, 2008 WL 11411363, *4 (W.D. Tex. Oct. 7, 2008) (allowing amendment only on condition that "Plaintiffs shall reimburse Defendant's reasonable attorneys' fees associated with litigating this case in federal court") (citing numerous cases); *Nicoladze v. Lawler*, 86 B.R. 69, 73-74 (N.D. Tex. 1988) (conditioning filing of amended brief on payment of fees: "The court concludes that it is appropriate, as a condition for granting appellant's motion for leave to amend, that the court award appellee his reasonable attorney's fees and costs [incurred in filing prior brief]."); *see also Bell v. Guardian Auto. Corp.*, 787 Fed. Appx. 586, 587 (11th Cir. 2019) (reciting that district court imposed on plaintiffs "$237,248.81 in attorney's fees and costs as a condition of allowing the plaintiffs to amend their complaint to drop class allegations"); *Combustion Prods. Mgmt., Inc. v. AES Corp.*, 256 Fed. Appx. 441, 442 (2d Cir. 2007) (reciting that plaintiff "failed to pay the partial attorney's fees and costs incurred by defendants. . ., the sole condition set by the District Court for [plaintiff] to file a third amended complaint."); *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1276 (11th

11

Cir. 2006) (reciting that district court "conditioned any such amendment [to complaint] on the payment of defendants' costs and fees associated with the [prior] motion to dismiss"); *Ruschel v. Nestle Holdings, Inc.*, 89 Fed. Appx. 518, 521 (6th Cir. 2004) (affirming district court's ruling that plaintiff pay defendant $5,000 in attorney's fees as condition of amendment: "Requiring the applicant to pay attorneys' fees, discovery costs, and costs of preparing responsive pleadings rendered moot by the amendment are conditions district courts may impose to mitigate the prejudice caused to the opposing party by the amendment.").

Accordingly, if the Court grants Plaintiff leave to file the proposed Second Amended Complaint, it should condition leave to amend on Plaintiff's payment of Freedom Forever' attorney's fees it has incurred in litigating Plaintiff's two prior complaints.

## CONCLUSION

In summary, Plaintiff makes no effort to explain why he should be allowed to add claims based on facts that he knew (and, indeed, that are reflected in one of the exhibits to his motion, *see* ECF 34-3) months before he initiated this lawsuit. Rule 15's discretion in favor of allowing amendment is not broad enough to encompass Plaintiff's undue delay and his failure to explain that delay, as the many Fifth Circuit cases cited herein demonstrate. Accordingly, for the reasons discussed herein, Freedom Forever respectfully requests that the Court deny Plaintiff's motion for

leave to file a Second Amended Complaint. In the alternative, if the Court grants leave to amend, the Court should condition amendment on Plaintiff's payment of Freedom Forever's attorney's fees in litigating the two prior Complaints Plaintiff has filed and which would be superseded by the Second Amended Complaint.

DATED:    May 2, 2024.

*s/ William J. Akins*
William Akins, Esq.
**PIERSON FERDINAND LLP**
**MAIL:**10501 Crow Wing Cove
Austin, Texas 78730
**OFFICE:** 2021 Guadalupe Street, Suite 260
Austin, Texas 78705
Mobile: 214-924-9504
Facsimile: 214-481-3768
william.akins@pierferd.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and also served the Plaintiff by U.S. Mail as follows:

BRANDON CALLIER
6336 Franklin Trail Drive
El Paso, Texas  79912

*/s/ William J. Akins*
William J. Akins