UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| BRANDON CALLIER, § | | |
| § | | |
| Plaintiff, § | | |
| § | EP-23-CV-00364-FM | |
| v. § | | |
| § | | |
| FREEDOM FOREVER TEXAS, a § | | |
| Delaware Limited Liability Company, § | | |
| and EMPOWERED SOLUTIONS, § | | |
| MITCHELL FRAKER, and AURORA § | | |
| SOLAR, INC., a Delaware Corporation, § | | |
| § | | |
| Defendants. § | | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE HIS SECOND AMENDED COMPLAINT AND DENYING FREEDOM FOREVER TEXAS' MOTION TO DISMISS AS MOOT

Before the court is "Plaintiff's Opposed Motion for Leave to File Plaintiff's Second Amended Complaint" [ECF No. 34], filed April 18, 2024, by Brandon Callier ("Plaintiff"). Therein, Plaintiff wishes to file a second amended complaint that adds "recently discovered facts" of "do not call requests" sent to Defendant Freedom Forever Texas in April of 2023, and recent calls by an alleged representative of Freedom Forever Texas.[1]

Federal Rule of Civil Procedure 15(a) provides that courts should freely grant leave to amend when justice so requires. Rule 15(a) "evinces a bias in favor of granting leave to amend."[2] Leave to amend is not automatic, however.[3] Nonetheless, the court "must have a 'substantial

---

[1] "Plaintiff's Opposed Motion for Leave to File Plaintiff's Second Amended Complaint" 1, ECF No. 34, filed April 18, 2024.

[2] *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003).

[3] *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002).

1

reason' to deny a request for leave to amend."[4] Substantial reasons include, "undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."[5] A court is required to justify a denial for leave.[6]

The Court does not find that there is a substantial reason to deny Plaintiff's motion for leave to file a second amended complaint, especially given the presumption in favor of granting leave. However, granting leave does create a conundrum regarding Freedom Forever Texas' motion to dismiss.

Freedom Forever Texas file a 12(b)(6) motion to dismiss on December 22, 2023.[7] This court referred that motion to dismiss to United States Magistrate Judge Anne T. Berton for a report and recommendation on February 16, 2024.[8] Judge Berton entered her report and recommendation on April 2, 2024, in which she recommended that this Court deny Freedom Forever Texas' motion to dismiss.[9] Thereafter, Freedom Forever Texas filed objections to Judge Berton's report and recommendation.[10]

---

[4] *Id.* (quoting *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985).

[5] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[6] *Id.* ("[O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.").

[7] *See generally* "Motion of Defendant, Freedom Forever Texas, to Dismiss Plaintiff's First Amended Complaint," ECF No. 17, filed Dec. 22, 2023.

[8] "Order Referring Motion to United States Magistrate Judge" 1, ECF No. 30, entered Feb. 16, 2024.

[9] "Report and Recommendation" 10, ECF No. 31, entered April 2, 2024.

[10] *See generally* "Objections of Defendant, Freedom Forever Texas, to Magistrate Judge's Report & Recommendation concerning Motion to Dismiss Plaintiff's First Amended Complaint," ECF No. 35, filed April 18, 2024.

The standard procedure for a district court is to conduct a *de novo* review of the objected to portions of the report.[11] Upon completion of review, the district judge may accept, reject, or modify, in whole or in part, the findings or recommendations.[12] But, given that there will now be a new operative complaint, the Court no longer needs to do this. The motion to dismiss, and by extension the report and recommendation on the motion, are no longer associated with the operative complaint, and are thus moot.[13] "The filing of an amended complaint will ordinarily moot a pending motion to dismiss."[14] Therefore, the correct procedural posture is to moot the pending motion to dismiss, report and recommendation, and objections.

While this result does end up wasting the judicial resources put into the report and recommendation, the result does not rise to the level in which a district court may deny a request for leave to file an amended complaint. In reality, the only party potentially prejudiced by this result is the Plaintiff because a new operative complaint restarts the pleading time frame and opens the Plaintiff up to another motion to dismiss. But he is the one making the request and presumably has weighed the natural results of his request.

Accordingly,

1. It is **HEREBY ORDERED** that "Plaintiff's Opposed Motion for Leave to File Plaintiff's Second Amended Complaint" [ECF No. 34] is **GRANTED**.

2. The Clerk of Court is **INSTRUCTED** to **DOCKET** "Plaintiff's Second Amended Complaint" [ECF No. 34–2] and all attachments thereof.

---

[11] 28 U.S.C. § 636(b)(1).

[12] *Id.*

[13] *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (As a general rule, "[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.").

[14] *Waggoner v. Shoemaker*, No. 21cv101, 2021 U.S. Dist. LEXIS 137538, at *1 (S.D. Miss. July 23, 2021).

3. It is **FURTHER ORDERED** that "Motion of Defendant, Freedom Forever Texas, to Dismiss Plaintiff's First Amended Complaint" [ECF No. 17] is **DENIED** as **MOOT**.

4. It is **FURTHER ORDERED** that the report and recommendation as to the motion to dismiss the First Amended Complaint is **MOOT** and **INOPERATIVE**.

5. It is **FURTHER ORDERED** that Freedom Forever Texas' objections to the report and recommendation as to the motion to dismiss the First Amended Complaint are **MOOT**.

**SIGNED AND ENTERED** this **2nd** day of **May 2024.**

_____
**FRANK MONTALVO**
**SENIOR UNITED STATES DISTRICT JUDGE**